UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT A. STENSETH, MICHELLE E. STENSETH, AND ROBERT J. STENSETH<br><br>Plaintiffs,<br><br>vs.<br><br>JULIE KARPEN, SOCIAL WORKER; DEPARTMENT OF SOCIAL SERVICES, STATE OF SOUTH DAKOTA; DEB BOWMAN, DR. GREG DESAUTEL, SECRETARY OF SOCIAL SERVICES; AND STATE OF SOUTH DAKOTA,<br><br>Defendants. | 4:19-CV-04117-RAL<br><br><br>1915A SCREENING AND ORDER DISMISSING CASE |

Plaintiff, Robert A. Stenseth (Stenseth), filed a pro se civil rights complaint under 42 U.S.C. § 1983. Doc. 1 at 279. Stenseth's complaint is a total of 379 pages, including attachments. Doc. 1. He filed motions to amend his complaint to add Michelle Stenseth and Robert J. Stenseth as plaintiffs. Docs. 11, 12. He also filed motions to file excess pages, to compel discovery, and to appoint counsel. Docs. 2, 4, 14.

Under 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." Stenseth was the only plaintiff to sign the complaint filed with this court. *See* Doc. 1. Stenseth now seeks to add family members as fellow plaintiffs. "Pro se litigants may not represent the interests of other parties." *Litschewski v. Dooley*, 2012 WL 3023249 at *n. 1 (D.S.D. July 24, 2012); *see e.g.*, *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court

without counsel, but not the claims of others."). Parents occasionally may bring pro se claims on behalf of their children, such as those for social security benefits; however, "no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010).

The motion, Doc. 11, by which Stenseth seeks to add Michelle Stenseth as a plaintiff, is titled "affidavit to admit Michelle . [sic] Stenseth into complaint as a plaintiff[.]" *Id.* The "affidavit" includes the statement that "Michelle Stenseth asks the court to move forward with complaint, and unless an attorney appears for the plaintiffs, request Robert A. Stenseth as Pro se for this complaint, like the other complaints filed in State and Federal courts." *Id.* at 2. Similar language appears in Doc. 12, regarding the addition of Robert J. Stenseth to the complaint. Doc. 12 at 2. Because Stenseth, a pro se litigant, cannot represent the interest of others, this Court will focus its screening on Stenseth's individual claims. If Michelle Stenseth or Robert J. Stenseth wish to bring claims in the District of South Dakota, they will need to file an action, rather than having pro se Plaintiff Stenseth start an action and then seek to add Michelle and Robert J. Stenseth as parties.

I. **Motions to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court.

*Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). Stenseth's application shows insufficient funds to pay the filing fee, so the motion to proceed in forma pauperis, Doc. 3, is granted.

## II. Facts Alleged in the Complaint

Stenseth claims that his mother Corene Stenseth (Corene) died from being entangled in a bed while living at a Good Samaritan Society facility in Sioux Falls, South Dakota, and this event caused "extreme undue duress, pain and suffering[.]" Docket 1 at 2.[1] An employee who worked at Corene's facility was allegedly convicted of rape. *Id.* Stenseth claims the Good Samaritan Society offered $10,000 to the plaintiffs to settle claims related to Corene's death and that Stenseth considered this unacceptable. *Id.*

Stenseth alleges that his children, Michelle Stenseth and Robert J. Stenseth, were subjected to years of incarceration with "unlimited transfer[s] with inhumane treatments of withheld contacts, loss of liberty, and physical takedowns of plaintiffs in facilities that plaintiffs were forced to live, by the defendants[.]" *Id.* at 3. Stenseth's complaint claims Michelle to be nine years old and Robert to be eleven years old when they were subjected to such treatment. *Id.* at 109. Stenseth claims that Michelle has been restrained in bed numerous times when she was at the facilities and that she was put in isolation. *Id.* at 110.

Stenseth claims that the Honorable Judge Karen E. Schreier ruled on his previous federal case without having the facts of the case. *Id.* at 4. Stenseth alleges that defendants obstructed justice by their "non-compliance to Judge's orders and the rule of law, is illegal by law, and the

---

[1] Stenseth has filed similar complaints with this court. *See* Civ 4:04-cv-04119 KES; Civ 4:05-cv-04182 KES; Civ 4:08-cv-04115 KES. Stenseth attached a copy of his 2008 complaint to this complaint. Doc. 1-1 at 2. The 2008 complaint essentially alleges the same claims as this complaint. *Id.* This new complaint includes one additional defendant, Dr. Greg DeSautel. Doc. 1 at 1.

3

use of these actions show that the truth (facts) is being denied by the defendants, to promote favorable decisions without facts or fair due process." *Id.* at 5. Stenseth asserts that the South Dakota Circuit Court and state Judge Robin Houwman "did not address any particulars" and the federal court ruling was "without discovery," thus denying the plaintiffs the "right to a fair hearing of facts, concerning the multiple lifetime damages and years of lost freedoms, including the withholding of the rights of the citizen plaintiffs." *Id.*; *See id.* at 108.

Stenseth claims that Michelle's daughter, Josalyn Stenseth[2], is seven years old and resides at Children's Home Society. *Id.* at 8. Josalyn has allegedly been restrained, and Michelle has not talked with her daughter for over a year "because of the facility and defendants['] restriction on any visitations." *Id.* Stenseth asserts that Josalyn is "experiencing acute behaviors and receiving forced facility treatments of takedowns and isolations by staff." *Id.* at 9. Stenseth is concerned that Josalyn is unable to go to parks or shopping with Stenseth. *Id.* at 30. Stenseth seeks to recover the "plaintiffs['] freedom from facilities to lead a normal happy life, as the Supreme law of the land demand[s] life, liberty, and the pursuit of happiness." *Id.* at 9. Stenseth asks this Court to remove Josalyn from the custody of others in order to give him custody of her. *Id.* Stenseth's prayer for relief asks for: (1) "a judgement on the damages and violations of laws against the plaintiffs, and award a judgement under the laws of the United State [sic] and South Dakota Constitutions, including 42 U.S.C. @ [sic] 1983[;]" (2) to stop the "patterns and practices of the defendants of withholding the rights of citizens, stop the physical takedowns in common practices of the defendants, and stop isolations of young children[;]" and (3) the court to "rule on these

---

[2] The complaint refers to both "Josalyn" and "Joslyn." This Court will use the spelling "Josalyn" as this is how the name first appears in the complaint. Docket 1 at 1.

documents and pleadings, and have the plaintiffs receive a favorable judgment, as the laws require." *Id.* at 10.

Stenseth's complaint alleges many violations of many different laws. Stenseth alleges violations of: (1) 18 U.S.C. § 1503, Doc. 1 at 26; (2) the South Dakota Bill of Rights, *id.* at 31-36; (3) various "violations submitted to this Federal District Court and the South Dakota Circuit Court case #49CIV17-003016," *id.* at 40-41, 50-51; (4) 18 U.S.C. § 242, *id.* at 45, 71, 77, 90, 93, 219, 228, 240; (5) 18 U.S.C. § 1001, *id.* at 71; (6) 42 U.S.C. § 14141, *id.* at 46, 79, 91, 186, 222, 237; (7) the United States Constitution, *id.* at 48, 62, 79, 83-84, 101, 109, 209, 263; (8) 18 U.S.C. § 241, *id.* at 69, 217; (9) 35 U.S.C. § 271. *Id.* at 267; (10) South Dakota Codified Laws, *id.* at 58-59, 65; and (15) UNICEF's Articles 3 and 25, *id.* at 55-56.

### III. Section 1915A Screening

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly*

requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (footnote omitted) (citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen in forma pauperis complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). "The Eighth Circuit has on several occasions affirmed decisions dismissing non[-]prisoner cases" under § 1915A. *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016); *see e.g., Stebbins v. Stebbins*, 575 F. App'x 705 (8th Cir. 2014) (unpublished per curiam); *Fogle v. Blake*, 227 F. App'x 542 (8th Cir. 2007); *Benter v. Iowa Dep't of Transp.*, 221 F. App'x 471 (8th Cir. 2007); *Carter v. Bickhaus*, 142 F. App'x 937 (8th Cir. 2005) (unpublished per curiam).

### A. The State of South Dakota and the Department of Social Services

Stenseth names the State of South Dakota and the Department of Social Services as defendants. Docket 1 at 1. The Supreme Court has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 65–66 (1989) (citations omitted). "Eleventh Amendment immunity extends to states and arms of the state[.]" *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (internal quotation omitted). Stenseth's claims against the State of South Dakota and the Department of Social Services, a state entity, are barred by the Eleventh Amendment and dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### B. Corene Stenseth and Josalyn Stenseth

Stenseth alleges that his mother Corene died due to being "'entangled in bed,'" and this caused trauma to him. Doc. 1 at 2. Stenseth has failed to allege that the listed defendants had anything to do with this incident which apparently occurred at a Good Samaritan nursing home. He claims that Josalyn "was taken by unlawful actions of not allowing contacts with parents, household members, to create a helpless situation for Joslyn Stenseth, plaintiff a 6[-]year[-]old who is forced to confinement and watch as other young children are tackled and pinned to the floor screaming." Doc. 1 at 246. Stenseth may not assert a claim on behalf of his mother (unless he is a duly appointed executor) or on behalf of his granddaughter Josalyn Stenseth. Thus, Stenseth's claims regarding Corene and Josalyn are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

### C. Claims regarding Michelle Stenseth and Robert J. Stenseth

Stenseth alleges, in a vague manner, violations of Michelle and Robert J.'s constitutional rights throughout his complaint. *See* Doc. 1 at 48, 62, 79, 83-84, 101, 109, 209, 263. The complaint invokes the Fourth Amendment, the Eighth Amendment, and the Fourteenth Amendment's Procedural Due Process Clause. *Id.* Stenseth alleges that his children, Michelle and Robert J. were forced to years of incarceration with "unlimited transfers with inhumane treatments of withheld contacts, loss of liberty, and physical takedowns of plaintiffs in facilities that plaintiffs [were] forced to live, by the defendants[.]" *Id.* at 3. Because Stenseth cannot assert claims on behalf of his children, these claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

### D. Stenseth's Procedural Due Process Claim

Liberally construing Stenseth's complaint, he is alleging his procedural due process rights have been violated by asserting that his children were "moved unlimited times and ... were subject

7

to years of cruel treatments and lost civil rights." Doc. 1 at 109; *see id.* at 48, 62, 79, 83-84, 101, 109, 209, 263.³ Stenseth claims he was denied contact with his children. *Id.* at 3. Stenseth's procedural due process claim does not need to be analyzed by this Court because the statute of limitations plainly has run. *See* SDCL § 15-2-15.2.

This complaint lists Michelle as being nine years old and Robert J. as being eleven years old when they were "moved unlimited times and who were subject to years of cruel treatments and lost civil rights." Doc. 1 at 109. Public records outside of the complaint may be considered by the court when they are embraced by the pleadings. *See State ex rel. Nixon, v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) (considering public records not contrary to complaint); *Surgical Synergies v. Genesee Assocs., Inc.*, 432 F.3d 870, 873 n.3 (8th Cir. 2005) (considering material necessarily embracing the pleadings). This Court will consider the exhibits attached to the complaint as well as copies of court orders in the cases provided by the plaintiffs. Doc. 1-1 at 2 (Stenseth's copy of his 2008 complaint filed in this case by Stenseth).

The addresses of Robert J. and Michelle are part of the record in this case. Doc. 13. These addresses show that Robert J. and Michelle are both in custody with the South Dakota Department of Correction (DOC) and each has an inmate number. *Id.* A search on the DOC Offender Locator shows that Robert J. Stenseth is now twenty-eight years old and Michelle Stenseth is twenty-six years old. Stenseth's complaint lists Robert as eleven years old and Michelle as nine years old

---

³ Stenseth filed similar claims in 2005 and 2008. *See* 05-CV-4182-KES and 08-CV-4115-KES. Summary judgment on the procedural due process claim was granted for the defendants in 08-CV-4115 because plaintiffs failed to demonstrate "the deprivation of a constitutional right because the children were removed from Mr. Stenseth's custody, first temporarily and then permanently, after the state court found that Mr. Stenseth had abused and neglected his children." Further, the statute of limitations had run on many of the claims.

8

when the alleged violations took place. Thus, there is a seventeen-year gap between today and when the alleged violations underlying Stenseth's complaint occurred.

A complaint may be dismissed by the court's own motion as frivolous under 28 U.S.C. § 1915(d) when it is apparent that the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). While § 1983 does not contain a specific statute of limitations, the Supreme Court has instructed courts to apply the most analogous state statute of limitations to claims made under § 1983. *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985). South Dakota has a specific statute of limitations governing civil rights actions and requiring such actions to be brought within three years after the alleged constitutional deprivation occurred. SDCL § 15-2-15.2; *see Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996) (applying SDCL § 15-2-15.2 as statute of limitations in § 1983 case). Because the violations alleged occurred seventeen years ago, Stenseth's claims of constitutional violations are barred by the statute of limitations and must be dismissed.

Stenseth suggests that there is justification for tolling the statute of limitations. He cites three statutes to support tolling, SDCL §§ 15-2A-7, 15-2-14.1 and 15-2-22. Doc. 1 at 49-50, 96, 102, 138. However, these statutes do not toll the statute of limitations for Stenseth's claims. SDCL § 15-2A-7 applies to lawsuits that involve fraud claims related to improvements to real estate. SDCL § 15-2A-7 ("The limitations contained in this chapter may not be asserted as a defense by any person who is guilty of fraud . . . in furnishing the design, planning, supervision, inspection and observation of construction, or construction, of improvements to real property."). Likewise, SDCL § 15-2-14.1 does not toll the statute of limitations for Stenseth's civil rights claims because that statute applies to medical malpractice actions. SDCL 15-2-14.1 (setting the statute of limitations for "[a]n action against a physician, surgeon, dentist, hospital, sanitarium, registered

nurse, licensed practical nurse, chiropractor, or other practitioner of the healing arts for malpractice, error, mistake, or failure to cure").

Stenseth further asserts that SDCL § 15-2-22, which allows for the tolling of a statute of limitations during the age of minority, should apply to this action because Michelle and Robert J. were only nine and eleven years old when this cause of action accrued. Doc. 1 at 102. However, this argument also falls flat under the plain language of the statute. This statute only tolls an applicable statute of limitations if the "person entitled to bring an action" is within the age of minority or is mentally ill at the time the cause of action accrued. SDCL § 15-2-22. As the pro se complainant in this action, Stenseth is the person entitled to bring this procedural due process claim; however, he has pled no facts to suggest that he, himself, was within the age of minority or mentally ill when he was allegedly denied contact with his children. Therefore, SDCL § 15-2-22 does not toll the applicable three-year statute of limitations on this claim. Because the statute of limitations on Stenseth's § 1983 claims has run, his procedural due process claim is dismissed under 28 U.S.C. §§ 1915(e)(B)(ii) and 1915A(b)(1).

### E. 18 U.S.C. §§ 241, 242, 1001 and 1503

Stenseth alleges multiple violations of the United States Criminal Code. *See* Doc. 1 at 26, 45-46, 71, 77, 79, 90-91, 93, 186, 219-220, 222, 228, 237 240. This Court previously has held that there is no private right of action under the criminal statutes 18 U.S.C. §§ 241, 242 and 1001. *Mousseaux v. United States Comm'r of Indian Affairs*, 806 F.Supp. 1433, 1437 (D.S.D. 1992); *see United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) (stating that "[c]ourts repeatedly have held that there is no private right of action under [18 U.S.C.] § 241"). Additionally, "[f]ederal courts have consistently denied a private civil right of action under 18 U.S.C. § 1503." *Scherer v. United States*, 241 F. Supp. 2d. 1270, 1282 (D. Kan. 2003) (collecting cases in support of

dismissing the plaintiffs claimed 18 U.S.C.§ 1503 cause of action pursuant to 12(b)(6)); *see Shahin v. Darling*, 606 F. Supp. 2d 525, 538-39 (D. Del. 2009) (collecting cases supporting dismissal of all claims raised under 18 U.S.C.§ 1512 because the statute does not create a private right of action). None of these federal criminal statutes cited by Stenseth grant private rights of action. Thus, Stenseth's claims based on 18 U.S.C §§ 241, 242, 1001, and 1503, are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### F. 35 U.S.C.§ 271

Stenseth alleges a violation of 35 U.S.C. § 271. That statute concerns patent infringement, and Stenseth has not alleged any facts about violation of a patent. Stenseth's claim under 35 U.S.C. § 271 is dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

### G. 42 U.S.C. § 14141

Stenseth's claim under 42 U.S.C. § 14141 must be dismissed. "It is also well settled that 42 U.S.C. § 14141 'does not create a private cause of action, but rather, only allows the Attorney General to bring a civil action to eliminate the [allegedly unlawful] pattern or practice.'" *Roberson v. Pearson*, 2012 WL 4128303 at *2 (D. Minn. Aug. 27, 2012) (quoting *Knight v. City of Balch Springs*, 2011 WL 3519938 at *2 (N.D. Tex. July 25, 2011). Stenseth's 42 U.S.C. § 14141 claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### H. South Dakota Codified Laws and Bill of Rights

Stenseth brought his complaint in federal court under 42 U.S.C. § 1983. This court has federal question jurisdiction over § 1983 claims pursuant to 28 U.S.C. § 1331. This Court could have pendant claim jurisdiction over state law allegations if there were a viable federal question claim. For the reasons explained herein, Stenseth has no viable claim within federal jurisdiction.

Even if Stenseth had a viable federal claim, his state law claims invoking SDCL §§ 26-8A-2, 25-10-1, and 26-10-1 are not viable. Chapter 26 of the South Dakota Codified Laws, under which Stenseth seeks to make a claim, is designed:

> to establish an effective state and local system for protection of children from abuse or neglect. Adjudication of a child as an abused or neglected child is an adjudication of the status or condition of the child who is the subject of the proceedings and is not necessarily an adjudication against or in favor of any particular parent, guardian or custodian of the child.

S.D.C.L. § 26-8A-1. Further SDCL § 25-10-1, another statute Stenseth invokes, defines the terms domestic abuse, protection order, and temporary protection order. The definition sections and purpose sections of these statutes do not create a private right of action. Stenseth's claims under South Dakota Codified laws §§ 26-8A-2, 25-10-1, and 26-10-1 are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Stenseth also alleges that defendants violated South Dakota's Bill of Rights. Doc. 1 at 31-35. He claims that §§ 1, 5, 18, 20, 23, and 29 were violated regarding the treatment and care of Corene and Michelle. *See id.* Once again, Stenseth's claims must be dismissed because he cannot assert the rights of others as a pro se litigant. Stenseth's claims that the defendants violated South Dakota law (codified law and the Bill of Rights) are dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

### I. Claims Against Judge Karen E. Schreier and Judge Robin Houwman

Stenseth claims that Judge Karen E. Schreier (United States District Court for the District of South Dakota) and Judge Robin Houwman (South Dakota Circuit Court) denied him due process because their rulings were made without facts. Docket 1 at 10–11, 54. Judge Schreier and Judge Houwman were not named as defendants in the complaint. Even if they had been named as

defendants the claims against them would not survive the 1915A screening because judges are immune from suit.

"[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356–57 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judges are immune from suit, including § 1983 suits, with two narrow exceptions. "'First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

These exceptions do not apply here. Judge Schreier and Judge Houwman were acting in their judicial capacity, and neither was acting in the complete absence of all jurisdiction. *See Stump*, 435 U.S. at 362 (explaining that whether an act is done in a judicial capacity depends on whether it is a function normally performed by a judge). Stenseth's claims against Judge Schreier and Judge Houwman are dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

### J. United Nations International Children's Emergency Fund (UNICEF)

Stenseth alleges that the defendants are violating UNICEF[4] Articles 3(2) and 25. It is unclear as to what treaty or convention Stenseth is talking about. Because Stenseth's claims

---

[4] The United Nations International Children's Emergency Fund and is more commonly known as United Nations Children's Fund. *About UNICEF*, UNICEF, (Oct. 3, 2017), https://www.unicef.org/about/who/index_faq.html.

13

revolve around child rights, this Court, in its most liberal construction, believes that he is alleging violations of the Convention on the Rights of a Child. *See* Doc. 1 at 55-56. Stenseth cannot bring claims on behalf of his adult children, and even if he could, this claim would fail.

The Convention on the Rights of a Child has not been ratified by the United States and is not binding law. *See e.g.* 2013 Bill Text CT H.J.R. 21 (The purpose of the bill was to "urge the United States Congress to adopt the United Nations Convention on Rights of a Child." This Bill failed on March 12, 2013 for failing the "Joint Favorable deadline."). A claim cannot be brought under the Convention on the Rights of a Child in the United States District Court because it is not binding federal law, and Stenseth cannot assert the rights of others. Thus, Stenseth's UNICEF claims are dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

## IV. Order

Accordingly, it is

ORDERED that, Stenseth's motion to proceed in forma pauperis, Doc. 3, is granted. It is further

ORDERED that Stenseth's complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). It is further

ORDERED that the remaining motions, Docs 2, 4, 11, 12, 14, and 17 are denied as moot.

Dated this 15th day of November, 2019.

BY THE COURT:

*[signature]*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

14